Hale, J.,
dissenting:
I have been unable to concur with the majority of this court in the sustaining as applicable to this case. It has been so fully discussed by our presiding judge that it is the duty of a railroad company, in case a traveler was negligent, to have saved him if by ordinary care it could have been done. The charge as given I have no sort of disposition or desire in any shape to criticize. Every dictate. of humanity, every reason that could be suggested, would sustain the decision rendered in the case here cited in 49 Ohio St., Railroad against Kassen. It was clearly right. The only doubt that remains in my mind is whether the principles there announced should be applied to a case of this kind; whether the rule applies- in case of a collision at a railroad crossing between the traveler and the train running upon the track, where nothing whatever appears in the case in fact which shows that the: employes on the train had a better opportunity of seeing the man upon the crossing than the man upon the crossing-had of seeing the train. . I .concede that the railroad company *438 was negligent in not looking out for the traveler, and not using the ordinary means to save him. I concede that. But on the supposition that the company was negligent in not discovering the traveler, supposing.you say a company by ordinary means could have discovered the traveler, you must also say that the traveler by the use of ordinary care-could have saved himself from passing in front of that train. And where the two exist, negligence of the company in running its train upon the traveler without seeing him, and the traveler going on the track without seeing the approaching train, I think that these two causes are the approximate cuase of the injury; and they can’t complain of the railroad company because the negligence of the two combined was-the approximate cause of the injury. I don’t think it was-intended by the supreme court to apply this rule and principle to an ordinary case of a collision at a railroad crossing. In every case that has preceded this, where the facts are-similar to the one we now have, the courts have never used' the expression “although the traveler was guilty of negligence in being on the track, the company after it became-aware of its presence, could by ordinary care have saved him’’. Then there is an intervening cause, and it is clearly .the duty of the company to have done it. If the traveler is: upon the track without negligence on his part, then he can recover. If the traveler is upon the track negligently, and' the company’s employes discover him in season and by ordinary care, then he may recover. But where it is the negligence of the traveler going on the track and not being-discovered, then I think that is the "approximate cause' of the injury, and no recovery can be had by him. While-fully approving of the doctrine laid down in 49 Ohio St., I do not believe it should have any application to a case of this kind. In that case, you remember, the traveler walked off a train. He is left there, lying upon the track, uncon scious and disabled. Another train comes and kills him, *439 The court,in charging the jury,said there was no negligence on the part of the train that killed him; and it says the only •question left in this case therefore, for you to determine, is whether the company had notice through the employes of the train from which he fell that the man had fallen upon the track. This makes the whole thing turn upon whether they had notice or not, or ought to have been charged with notice. Clearly, that was right. But I can not see how it can have application to a case of this kind. That is all I desire to say. I think this question is one of very great importance. Almost superlative importance. If it is to be •applied in every case of collision at crossings, it is a rule of law that is somewhat new.
M. B. Dickey, for Plaintiff in Error.
E. J. Pinney, and C. A: Sheldon, for Defendant in Error.
(The judgment of the court jn this case was affirmed by the supreme court without report, November 16, 1897.)